IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-31324
Summary Calendar

_____

JOSE GUILLOT,

Plaintiff-Appellant,

versus

EDGAR C. DAY, JR., Warden, Washington Correctional Institute;
MAG SEALS, Supervisor, Washington Correctional Institute;
CAPTAIN SLADE, Supervisor, Washington Correctional Institute;
DR. RAMIREZ, Director of Medical for DPSC, Washington
Correctional Institute;
KATHLEEN McGINNIS, Director of Nursing for DPSC, Washington
Correctional Institute;
LIEUTENANT DIXON, Shift Lieutenant for (b) team for DPSC,
Washington Correctional Institute;
UNIDENTIFIED PARTY;
JUDITH PHELPS, Incorrectly named as Judity Phillips,

Defendant-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(95-CV-1818-T)

_____

May 28, 1998

Before JOHNSON, DeMOSS, and JONES, Circuit Judges.

PER CURIAM:[*]

Jose Guillot, Louisiana inmate # 290502, appeals the district

court's judgment dismissing his 42 U.S.C. § 1983 claims.  Guillot

contends that prison officials acted with deliberate indifference

_____

    [*] Pursuant to 5th CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th CIR. R. 47.5.4.

to his medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

The district court referred this action to a magistrate judge. The magistrate judge prepared a report and recommendation, concluding that Guillot's complaint should be dismissed with prejudice. Guillot failed to specifically object to the report and recommendation. We review for plain error only. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

As a preliminary matter, we note that issues must be briefed to be preserved for appeal. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Therefore, Guillot has abandoned any challenge to the district court's dismissal of his complaint as frivolous as to all defendants other than Dr. Ramirez and Lt. Dixon.

Guillot has failed to demonstrate that the district court plainly erred in dismissing his remaining § 1983 claims. A prison inmate may only obtain relief under § 1983 on grounds of denial of medical care by proving that prison officials were deliberately indifferent to his or her serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference "encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997). Guillot contends that Dr. Ramirez acted with deliberate indifference in changing his work duty status despite knowing that he complained of a heart condition. However, Guillot has not shown that the actual condition of his heart

2

presented a serious medical condition of which prison officials were, or even could be, aware. Furthermore, Guillot has not shown that the decision to change his duty status constituted deliberate indifference. Therefore, the district court did not err in dismissing his remaining § 1983 claims.

AFFIRMED.